UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON EDGARDO SIGUENZA,<br><br>Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>Defendants. | Case No. 23-cv-06006-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS AND DEFENDANTS WITH LEAVE TO AMEND; DENYING MOTION TO RELATE**<br><br>Re: Dkt. No. 5 |

Plaintiff, an inmate at Correctional Training Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.[1] This order also denies Plaintiff's motion to relate. Dkt. No. 5. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] The complaint has been filed with the Court three times, at Dkt. Nos. 1, 6, 11. Dkt. Nos. 6 and 11 attach the exhibits referenced in Dkt. No. 1.

1  claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

2  necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

3  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

4  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

5  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

6  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

7  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

8  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a

9  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

10  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

11  U.S. 42, 48 (1988).

**B.      Complaint**

The complaint names as defendants the California Department of Corrections and Rehabilitations ("CDCR") and the following Correctional Training Facility ("CTF") correctional officials: prison guard S. Mora, Investigative Services Unit ("ISU") sergeant J. Peffley, correctional sergeant J. Gomez, and ISU officer Z. Brown.

The complaint makes the following relevant factual allegations.

In or around December 2020, Plaintiff assisted his cellmate, inmate Gonzalez, in preparing a grievance regarding property that went missing when inmate Gonzalez was transferred to the gym for COVID quarantine.  On January 25, 2021, defendant Gomez conducted a search of Plaintiff's cell and claimed to have found the lost items, even though the items produced by defendant Gomez were different in brand and age from inmate Gonzalez's missing property. Defendant Gomez issued inmate Gonzalez an RVR for these two items.  On February 6, 2021, defendant Gomez approached inmate Gonzalez with two old, used items, and asked inmate Gonzalez to accept these items as replacements for the lost property.  When inmate Gonzalez refused, defendant Gomez complained that inmate Gonzalez was making him work too much.

On February 4, 2021, CTF officials raided seven cells.  A majority of these cells housed Hispanic inmates.  Plaintiff is Hispanic and his cell was targeted in this raid because of the

United States District Court
Northern District of California

January 25, 2021 incident. Defendants Mora and Brown searched Plaintiff's cell. Defendants Brown and Mora forced Plaintiff and his cellmate to step outside the cell without their face masks during the search, despite rules requiring that inmates wear face masks while outside their cells. Plaintiff observed another inmate forced to exit his cell without a facemask as an officer searched the inmate's cell. During the cell search, defendant Mora confiscated a tablet from Plaintiff. After defendants Mora and Brown completed the cell search, defendant Mora told Plaintiff, "So you guys like to file 602s huh? You'll be getting a writeup." The February 4, 2021 raids were intended to expose Hispanic inmates to COVID, in the same manner as a mass cell search conducted during mid-2020 that targeted Black inmates, forced the Black inmates to exit their cells without facemasks, and resulted in COVID spreading throughout CTF, with a total of over 2700 COVID infections.

Subsequent to these cell searches, Plaintiff was issued a rules violation report ("RVR") for possession of a wireless device component for the tablet confiscated during the February 4, 2021 search. Inmate Gonzalez was found guilty of the RVR. Plaintiff pled guilty to the RVR to avoid being issued further RVRs and to avoid further harassment from correctional officials. But Plaintiff states that defendants Mora and Peffley could have altered the tablet and requests that the RVR be voided because it is "the fruit of a poisonous tree."

In 2022 and 2023, defendant Mora threatened Plaintiff on three occasions: "If you file that lawsuit, the same thing will happen as it did to Bess." Inmate Bess's cell had also been searched on February 4, 2021. Defendant Mora had retaliated against inmate Bess for exercising his First Amendment rights by placing false evidence in inmate Bess's disciplinary file to hinder inmate Bess from being granted parole.

Defendant Peffley was the supervising Institutional Services Unit sergeant during the February 2021 raid, and he reviewed the RVR that Plaintiff was issued as a result of the raid.

Plaintiff seeks the following relief: an order enjoining Defendants from engaging in the unlawful conduct alleged in the complaint; an order to stop longstanding racially discriminatory practices employed by the CDCR intended to stop litigation or extend prisoners' time in prison; expungement of RVR No. 7065133; $400,000 each in compensatory, exemplary, and nominal

3

1    damages from each defendant; $500,000 each in mental anguish and punitive damages from each
2    defendants; economic and non-economic damages; loss of earnings, past and future; costs of suit;
3    interest; and paralegal fees.

**C.    Screening Complaint**

      **1.    Retaliation Claims (Counts 3 and 6)**

The following allegations state cognizable First Amendment retaliation claims against defendant Mora: (1) on February 4, 2021, defendant Mora searched Plaintiff's cell in retaliation for Plaintiff assisting inmate Gonzalez in filing a grievance in November 2020, as evidenced by defendant Mora stating immediately after the search, "You guys like to file 602s, right? You'll be getting a writeup;" and (2) in 2022 and 2023, defendant Mora warned Plaintiff against filing lawsuits. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted).

However, the complaint does not state a retaliation claim against defendants Gomez, Brown, or Peffley.

**Defendant Gomez.** The conclusory allegation that all defendants are "directly involved" in the February 4, 2021 cell search, and that all defendants were involved in a larger conspiracy is insufficient to link defendant Gomez to the alleged retaliatory actions taken by defendant Mora. Outside of the conspiracy allegation, there is no allegation that defendant Gomez retaliated against, or otherwise took adverse action, against Plaintiff. The actions taken by defendant Gomez – the January 25, 2021 search of the cell shared by inmate Gonzalez and Plaintiff allegedly to locate inmate Gonzalez's property or retaliate against defendant Gomez, and the attempts on January 25 and February 6, 2021 to coerce inmate Gonzalez into accepting old, used, and incorrect items as replacements for his lost property – were adverse to inmate Gonzalez, not to Plaintiff. In addition, there are no allegations from which it can be reasonably inferred that defendant Gomez knew that Plaintiff had drafted inmate Gonzalez's grievance or otherwise engaged in protected

activity.

**Defendant Brown.** The conclusory allegation that all defendants are "directly involved" in the February 4, 2021 cell search, and that all defendants were involved in a conspiracy is insufficient to link defendant Brown to the alleged retaliatory actions taken by defendant Mora. Outside of the conspiracy allegation, there is also no allegation that defendant Brown retaliated against, or otherwise took adverse action, against Plaintiff. While defendant Brown participated in the February 4, 2021 cell search, defendant Brown is not alleged to have made any statements indicating that he was aware of Plaintiff's grievance activity.

**Defendant Peffley.** The conclusory allegation that all defendants are "directly involved" in the February 4, 2021 cell search, and that all defendants were involved in a conspiracy is insufficient to link defendant Peffley to the alleged retaliatory actions taken by defendant Mora. Outside of the conspiracy allegation, there is also no allegation that defendant Peffley retaliated against, or otherwise took adverse action, against Plaintiff. The actions taken by defendant Peffley – searching inmate Bess's cell while defendants Mora and Brown were searching Plaintiff's cell – was adverse to inmate Bess, not to Plaintiff. In addition, there are no allegations from which it can be reasonably inferred that defendant Peffley knew that Plaintiff had drafted inmate Gonzalez's grievance or otherwise engaged in protected activity.

The First Amendment retaliation claims against defendants Gomez, Brown, and Peffley are DISMISSED with leave to amend.

**2.  Remaining Claims**

The remaining claims are DISMISSED for the following reasons.

**a.  42 U.S.C. §§ 1985, 1986 (Counts 1, 2, 6)**

In Counts 1, 2, and 6, the complaint alleges that the individual defendants – officers Mora, Peffley, Gomez, and Brown – conspired to violate Plaintiff's civil rights as follows. Defendant Gomez conspired with Mora, Brown, and Peffley to have Plaintiff's cell searched in retaliation for Plaintiff assisting inmate Gonzalez file a grievance regarding lost property. Defendant Peffley is one of the "prime movers" in this conspiracy, as evidenced by his misconduct towards inmate Bess. Defendant Peffley reviewed the RVR that was issued to Plaintiff subsequent to the February

5

1  4, 2021 cell search. The February 4, 2021 cell search targeted Hispanic inmates, and was part of a
2  larger conspiracy / attempt to deter Hispanic inmates from pursing litigation against prison
3  officials.
4        42 U.S.C. § 1985 prohibits conspiracies to interfere with certain civil rights. A claim
5  under this section must allege facts to support the allegation that defendants conspired together.
6  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff's
7  conspiracy claims fail to state a claim because they are "vague and conclusory allegations of
8  official participation in civil rights violations," which is insufficient to state a conspiracy claim.
9  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy
10 insufficient to support claim under section 1983 or 1985). The complaint does not allege facts
11 from which it can be reasonably inferred that defendants Gomez, Brown, and Peffley conspired to
12 retaliate or discriminate against Plaintiff. Defendants Brown and Peffley are not alleged to have
13 made any statements indicating that they were aware of Plaintiff's protected activity, much less
14 that they conducted or authorized the cell search in retaliation for the protected activity.
15 Defendants Brown and Peffley also are not alleged to have made any statements indicating that
16 they discriminated against Plaintiff because he is Hispanic. Even as alleged, Defendant Gomez
17 was not involved in the cell searches on February 4, 2021; has not made any statements indicating
18 awareness of Plaintiff's protected activity; and appears to have had no interaction with Plaintiff,
19 other than searching Plaintiff's cell in January 2021 in response to Gonzalez's grievance and with
20 the alleged intent to retaliate against inmate Gonzalez. While Defendant Brown searched
21 Plaintiff's cell on February 4, 2021, even as alleged he did not make any statements indicating
22 awareness of Plaintiff's protected activity; and appears to have had no other interaction with
23 Plaintiff. Even as alleged, Defendant Peffley did not make any statements indicating awareness of
24 Plaintiff's protected activity; and appears to have had no interaction with Plaintiff. The fact that
25 defendant Peffley participated in the February 4, 2021 cell searches by searching inmate Bess' cell
26 and reviewing the disciplinary violation issued to Plaintiff as part of the disciplinary process is
27 insufficient to support an allegation that all the February 4, 2021 cell searches were motivated by
28 retaliatory intent against Plaintiff. And, as discussed below, the complaint fails to allege a

cognizable Title VI or equal protection claim. As currently pled, Plaintiff's conspiracy claims are insufficient to allege a claim of conspiracy under 42 U.S.C. §§ 1983, 1985, 1986. Plaintiff's conspiracy claims are DISMISSED with leave to amend. Should Plaintiff choose to replead his conspiracy claims, Plaintiff is advised that to state a cognizable claim for conspiracy under 42 U.S.C. §§ 1983, 1985, 1986, Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate his constitutional rights. *See, e.g., Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

### b.     Title VI and Equal Protection Claim (Count 4)

The complaint alleges the February 4, 2021 cell searches / raid targeted Hispanic inmates, and therefore constituted racial discrimination on the part of all defendants (CDCR and the individual defendants), in violation of Title VI, 42 U.S.C. § 2000d, *et seq.*, and the Equal Protection Clause. To state a Title VI claim for damages, "a plaintiff need only allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled in part on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). To state an Equal Protection claim, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

The complaint proffers the following allegations in support of these claims. The February 4, 2021 raid targeted Hispanic inmates because the raid took place in C Wing and a majority of the C Wing inmates are Hispanic; Plaintiff is Hispanic; and two of the inmates who had their cells raided/searched that day are Hispanic. Defendants Peffly and Brown are white males "who seem to be white supremacists;" the July 20, 2020 raid that targeted Black inmates and resulted in COVID spreading throughout CTF was overseen by Warden Koenig, who is a white male. CDCR agents have internalized racist attitudes which results in hyper criminalization against Hispanic inmates, a belief that Hispanic lives and rights don't matter, and dictates to CDCR agents that it is permissible to infringe on Plaintiff's constitutional rights and even expose him to risk of significant harm.

1    The complaint's allegations do not lead to a reasonable inference that either the CDCR or
2    the individual defendants authorized or conducted the February 4, 2021 cell search because
3    Plaintiff is Hispanic or to target Hispanic inmates. If the C Wing inmate population is
4    predominantly Hispanic, any large-scale cell search in C Wing would result in Hispanic inmates
5    being disproportionately impacted. The complaint does not contain allegations plausibly
6    explaining why a search of C Wing would suggest discrimination. Moreover, given that there is
7    no allegation that any of the inmates whose cells were searched had previously filed lawsuits, it
8    cannot be reasonably inferred from the complaint that Defendants were conspiring to deter
9    Hispanic inmates from filing lawsuits against the CDCR. The Court DISMISSES the Title VI
10   claim and Equal Protection Claim with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130
11   (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be
12   cured by allegation of other facts).

### c.   Eighth Amendment Claim for Exposure to COVID (Count 5)

14   The complaint alleges that defendants Mora, Peffley, Gomez, and Brown exposed Plaintiff
15   to significant harm, in violation of the Eighth Amendment, when they exposed him to COVID by
16   forcing him to step outside of his cell during the cell search without a facemask at a time when
17   facemasks were mandatory. This allegation fails to state a claim against defendant Peffley, as he
18   was not involved in the search of Plaintiff's cell and did not force Plaintiff to forgo a face mask.
19   More generally, this allegation fails to state an Eighth Amendment claim. The failure of prison
20   officials to protect inmates from dangerous conditions at the prison violates the Eighth
21   Amendment when two requirements are met: (1) the deprivation alleged is, objectively,
22   sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate
23   health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official is deliberately
24   indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to
25   take reasonable steps to abate it. *Id.* at 837. The official must both be aware of facts from which
26   the inference could be drawn that a substantial risk of serious harm exists, and he must also draw
27   that inference. *See id.* at 837. Neither negligence nor gross negligence will constitute deliberate
28   indifference. *See id.* at 835-37. Plaintiff has not plausibly alleged that being temporarily without

1  a facemask was an objectively serious deprivation. And even if the temporary deprivation of a

2  facemask were a serious deprivation, it would only rise to the level of an Eighth Amendment

3  violation if defendants Mora and Brown were aware of facts from which the inference could be

4  drawn that Plaintiff had a substantial risk of serious harm from contracting COVID as a result of

5  the temporary deprivation of a facemask. This claim is DISMISSED with leave to amend to

6  remedy the identified deficiency, if Plaintiff believes he can truthfully do so.

### d. Eighth Amendment Claim for Exposure to Significant Harm and Bane Act (Count 7)

Count 7 of the complaint alleges that defendant Mora exposed Plaintiff to significant harm of danger from other inmates because he told Plaintiff, "If you file that lawsuit, the same thing will happen to you as did to inmate Bess," implying that he would spread false rumors that Plaintiff was an informant, and being labelled as an informant would Plaintiff at risk from other inmates. The complaint alleges that this violated the Eighth Amendment's requirement that correctional officials protect inmates from being harmed by other inmates, and violated the Tom Bane Civil Rights Act. This allegation fails to state either an Eighth Amendment or Bane Act claim as a matter of law. Allegations of mere threats, as is the case here, are not cognizable under § 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). And Plaintiff has not been injured by defendant Mora, as is required to state a Bane Act claim. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 882 (Cal. Ct. App. 2007) (elements of Bane Act claim are: (1) defendant interfered with or attempted to interfere with plaintiff's constitutional or statutory right by threatening or committing violent acts; (2) plaintiff reasonably believed that if he or she exercised his or her constitutional right, defendant would commit violence against him or her or his or her property; (3) defendant injured plaintiff or plaintiff's property to prevent him or her from exercising his or her constitutional right or retaliate against plaintiff for having exercised his or her constitutional right; (4) plaintiff was harmed; and (5) defendant's actions were a substantial factor in causing plaintiff's harm) (citing California's model Bane Act instruction, CACI Instruction No. 3066). The Court dismisses this

1  claim with prejudice because leave to amend would be futile.

####            e.        **Interference with Liberty Interests (Count 8)**

The complaint alleges that the RVR issued by defendants Mora and Peffley interfered with Plaintiff's Fifth and Fourteenth Amendment liberty interest in parole because it makes him less likely to obtain parole, and that defendants Mora, Peffley, Gomez, and Brown are liable because of their role in the conspiracy.  This claim is DISMISSED.  Because the decision to release a prisoner rests on a myriad of considerations and the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record, the Supreme Court has found that disciplinary actions do not give rise to a protected liberty interest just because of the impact the actions may have on a parole decision.  *Sandin v. Conner*, 515 U.S. 472, 487 (1995) ("The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.").  The dismissal of this claim is with prejudice because amendment would be futile.

### D.     **Motion to Relate**

Plaintiff has filed a motion to relate this action to C No. 22-cv-0341 JSC, *Bess v. Peffley*, arguing that both actions involve defendants Peffley and Mora and involve retaliation.  *See generally* Dkt. No. 5.  The Court DENIES the motion to relate.  N.D. Cal. L.R. 3-12(b) provides that a motion to relate should be filed in the lowest-numbered case.  Here, C No. 22-cv-0341 JSC, *Bess v. Peffley*, is the lower-numbered case, and any request to relate cases to *Bess* should be filed in *Bess*, not in the later-filed actions.

### CONCLUSION

For the reasons set forth above, the Court orders as follows.

1.     The following defendant(s) shall be served: Correctional Training Facility officer S. Mora.

2.     Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 10), this order of

1  service, a CDCR Report of E-Service Waiver form and a summons.  The Clerk also shall serve a

2  copy of this order on the Plaintiff.

3        No later than 40 days after service of this order via email on the CDCR, the CDCR shall

4  provide  the court a completed CDCR Report of E-Service Waiver advising the court which

5  defendant(s) listed in this order will be waiving service of process without the need for service by

6  the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

7  could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

8  Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

9  a waiver of service of process for the defendant(s) who are waiving service.

10        Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

11  defendant who has not waived service according to the CDCR Report of E-Service Waiver a

12  USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

13  of this order, the summons, and the operative complaint for service upon each defendant who has

14  not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

15  Service Waiver.

16      3.    The complaint states a cognizable First Amendment retaliation claim (Count 1)

17  against defendant Mora.

18      4.    The Court DISMISSES the following claims with leave to amend: the First

19  Amendment retaliation claim (Count 1) against defendants Gomez, Brown, and Peffley; the

20  conspiracy claims set forth Counts 1, 2, and 6; the Eighth Amendment claim for exposure to

21  COVID (Count 5).  If Plaintiff wishes to file an amended complaint, he must file the amended

22  complaint within twenty-eight (28) days of the date of this order.  The amended complaint must

23  include the caption and civil case number used in this order, Case No. 23-6006 HSG (PR) and the

24  words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff

25  must answer all the questions on the form in order for the action to proceed.  An amended

26  complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d

27  896, 925 (9th Cir. 2010).  Accordingly, Plaintiff must include in his amended complaint all the

28  claims he wishes to present and all of the defendants he wishes to sue, including the claim(s)

1  found cognizable above and the defendant(s) ordered served above. Plaintiff may not incorporate

2  material from the prior complaint(s) by reference. Failure to file an amended complaint in

3  accordance with this order in the time provided will result in this action proceeding solely on the

4  First Amendment claim against defendant Mora, and the dismissal of the remaining defendants.

5  The Clerk shall include two copies of the court's complaint form with a copy of this order to

6  Plaintiff.

7      5.    The Court DISMISSES the following claims with prejudice: the Title VI and Equal

8  Protection claim (Count 4); the Eighth Amendment claim and Bane Act claim for exposure to

9  significant harm (Count 7); and the Interference with Liberty Interests claim (Count 8).

10      6.    The Court DENIES the motion to relate. Dkt. No. 5.

11      7.    In order to expedite the resolution of this case, the Court orders as follows:

12      a.    No later than 91 days from the date this order is filed, Defendant(s) must

13  file and serve a motion for summary judgment or other dispositive motion. If Defendant(s) is(are)

14  of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform

15  the Court prior to the date the motion is due. A motion for summary judgment also must be

16  accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what

17  is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

18  2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be

19  served concurrently with motion for summary judgment).[2]

20      b.    Plaintiff's opposition to the summary judgment or other dispositive motion

21  must be filed with the Court and served upon Defendant(s) no later than 28 days from the date the

22  motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment

23  provided later in this order as he prepares his opposition to any motion for summary judgment.

24  Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed. The

---

[2] If Defendant(s) assert(s) that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

1    motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on
2    the motion.

3          8.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the
4    Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must
5    do in order to oppose a motion for summary judgment. Generally, summary judgment must be
6    granted when there is no genuine issue of material fact – that is, if there is no real dispute about
7    any fact that would affect the result of your case, the party who asked for summary judgment is
8    entitled to judgment as a matter of law, which will end your case. When a party you are suing
9    makes a motion for summary judgment that is properly supported by declarations (or other sworn
10   testimony), you cannot simply rely on what your complaint says. Instead, you must set out
11   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
12   as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
13   documents and show that there is a genuine issue of material fact for trial. If you do not submit
14   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
15   If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v.*
16   *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does
17   not excuse Defendants' obligation to serve said notice again concurrently with a motion for
18   summary judgment. *Woods*, 684 F.3d at 939).

19         9.      All communications by Plaintiff with the Court must be served on Defendants'
20   counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard
21   any document which a party files but fails to send a copy of to his opponent. Until Defendants'
22   counsel has been designated, Plaintiff may mail a true copy of the document directly to
23   Defendants but once Defendants are represented by counsel, all documents must be mailed to
24   counsel rather than directly to Defendants.

25         10.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
26   No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
27   before the parties may conduct discovery.

28         11.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the

1  Court informed of any change of address and must comply with the Court's orders in a timely
2  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
3  to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every
4  pending case every time he is moved to a new facility.

5      12. Any motion for an extension of time must be filed no later than the deadline sought
6  to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that
7  he must include the case name and case number for this case on any document he submits to the
8  Court for consideration in this case.

This order terminates Dkt. No. 5.

**IT IS SO ORDERED.**

Dated:  9/12/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge