UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON EDGARDO SIGUENZA,<br>　　　Plaintiff,<br>　　v.<br>CDCR, et al.,<br>　　　Defendants. | Case No. 23-cv-06006-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 21 |

Plaintiff, an inmate at Correctional Training Facility ("CTF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court DENIES Plaintiff's request for appointment of counsel for lack of exceptional circumstances. Dkt. No. 21.

**DISCUSSION**

On June 20, 2025, the Court found that the operative complaint stated a cognizable First Amendment retaliation claim and a cognizable claim for intentional infliction of emotional distress against CTF correctional official Mora. Dkt. No. 19. On June 23, 2025, defendant Mora filed a waiver of reply in lieu of an answer, as allowed by 42 U.S.C. § 1997e(g)(1). Dkt. No. 20; *see also* 42 U.S.C. § 1997e(g)(1) (defendants in Section 1983 suits brought by prisoners may file waiver of reply in lieu of answer).

Plaintiff has requested that the Court appoint him counsel to assist him in preparing for trial and so that he may effectively conduct discovery, including obtaining the transcripts for the deposition conducted of defendant Mora in the case, *Daniel v. Bess*. Dkt. No. 21. Plaintiff reports that he served discovery requests on defendant Mora on June 29, 2025. *Id.*

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S.

18, 25 (1981).  A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Appointing counsel is within the court's discretion and is granted only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)).  A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id*.

Plaintiff has not demonstrated exceptional circumstances.  The likelihood of Plaintiff's success on the merits is unclear at this early stage of litigation and Plaintiff has thus far ably litigated this action.  Plaintiff's ability to obtain deposition transcripts from another case does not depend on representation by counsel.

The Court DENIES Plaintiff's request for appointment of counsel for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require.

## CONCLUSION

The Court DENIES Plaintiff's request for appointment of counsel for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require.  Dkt. No. 21.

This order terminates Dkt. No. 21.

**IT IS SO ORDERED.**

Dated:   7/29/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge